**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 2:11-cv-14290-KMM

PAUL BAKER,

        Plaintiff,

vs.

DAVID LIGHTSEY,

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

THIS CAUSE came before the Court upon Defendant David Lightsey's Partial Motion

for Summary Judgment (ECF No. 37).  Plaintiff filed a Response (ECF No. 42) and Defendant

filed a Reply (ECF No. 43).  The Motion is now ripe for review.  Upon consideration of the

Motion, the pertinent portions of the Record, and being otherwise fully advised in the premises,

this Court enters the following Order.

**I. BACKGROUND[1]**

This is an action arising out of an arrest of Plaintiff, Paul Baker, in the City of Sebring on

April 18, 2009 for battery on a law enforcement officer.  Plaintiff brings this action against

David Lightsey, who is a Deputy Sheriff employed by the Highlands County Sheriff's Office.

On the morning of April 18, 2009, Baker traveled to Sebring, Florida to bail out a friend

from jail. At the time, Baker was eighty-two years old and had not been in the county for nearly

---

[1] The facts herein are taken from Plaintiff's Amended Complaint (ECF No. 31); Defendant's
Motion for Partial Summary Judgment; Plaintiff's Response to Defendant's Motion for Partial
Summary Judgment; and Defendant's Reply. All facts are construed in the light most favorable
to Plaintiff as the non-movant.

fifty years. Baker Dep., at 31. Upon entering Sebring City Jail, Baker was informed that his friend was being held at Highland County Jail. Following the directions given to him, Baker attempted to enter what he believed was the Highland County Jail. In reality, Baker was trying to enter the purchasing department of the Highland County Sheriff's Office.

At this point the parties' versions of the events diverge. According to Plaintiff, he realized that he must be in the wrong location after attempting to open the locked doors. As Baker attempted to leave, he was approached by Lightsey, who exited a marked patrol vehicle and was in full uniform. Lightsey rudely asked Plaintiff what he was doing at the purchasing department. Plaintiff explained that he was looking for the jail and that he must have made a mistake. Lightsey aggressively responded "You sure have." Baker Dep., at 33. As Plaintiff turned to continue on his way, the Defendant without warning grabbed Baker from behind and pushed him against Defendant's patrol vehicle. Startled by Defendant's actions, Plaintiff asked what was happening. The Defendant responded "You don't like police officers" and "You are being disrespectful to law enforcement and you are going to jail." Baker Dep., at 48. Plaintiff claims he never pushed or struck the Defendant or used foul language prior to his arrest. Baker Dep. at 49. While Plaintiff was pressed against the patrol car, Defendant pulled one of Plaintiff's arms behind his back in a painful manner. While attempting to secure handcuffs on Plaintiff, Defendant called dispatch for backup. Approximately three officers quickly arrived at the scene and helped Defendant handcuff Plaintiff. After Plaintiff was subdued, the Defendant spoke with a supervisor about the events leading to Plaintiff's arrest. Plaintiff overheard the Defendant tell the supervisor that Plaintiff had shoved him and used foul language and names. Baker Dep., at 51-52. Plaintiff was upset and told the officers that Defendant was lying. Baker Dep., at 52. The supervisor responded that he knows Defendant and he wouldn't lie. Baker Dep., at 52, 55.

Plaintiff was then transported to the county jail where he was booked and released on bond later that day. Baker Dep., at 58.

Unsurprisingly, the Defendant's version of events differs greatly from the Plaintiff's. According to the Defendant, he observed the Plaintiff pulling forcefully on the locked purchasing department doors. Defendant exited his marked patrol vehicle in his uniform and identified himself. Incident Report, 4. Defendant asked Plaintiff why he was trying to open the locked doors. Plaintiff explained that he was trying to get into the jail but the doors were locked and the occupants must be sleeping. Defendant told Plaintiff that he was in the wrong location and the doors were to the purchasing department. Plaintiff then became upset and starting yelling at the Defendant because he could not find the Highland County Jail. Plaintiff then approached the Defendant in an aggressive manner while waiving his hands in Defendant's face. Defendant ordered Plaintiff to step away from him. Plaintiff then walked away, cursed, and said "I'll find it myself." Defendant called Plaintiff back in order to direct him to the jail. At this point, Plaintiff approached Defendant in an aggressive manner, yelled obscenities, and pushed Defendant in his chest. In response, Defendant grabbed Plaintiff by the wrist and positioned him over the rear of his patrol vehicle. Defendant called dispatch for assistance in order to handcuff the Plaintiff. Due to the proximity of the Sheriff's Office, officers responded immediately.[2] Once Plaintiff was handcuffed with the assistance of the responding officers, he was placed in the back of a patrol vehicle. Plaintiff was yelling at this time that Defendant had hit him first and Defendant was a liar. At no point did Plaintiff complain about any injuries, except that his handcuffs were too tight which was immediately remedied.

---

[2] From the incident report, it appears the responding officers were Lt. Jess Purvis, Deputy Oliver Worley, and Deputy Henry Smith (ECF No. 37-1).

On December 20, 2011, Plaintiff filed an Amended Complaint against Defendant alleging violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Count I), false arrest and imprisonment (Count II), assault and battery (Count III), defamation (Count IV), and intentional infliction of emotional distress (Count V).

## II. LEGAL STANDARD

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Moreover, "A party must support its assertion that there is no genuine issue of material fact by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" Ritchey v. S. Nuclear Operating Co., No. 10-11962, 2011 WL 1490358, at *1 (11th Cir. Apr. 20, 2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

Defendant's Motion for Partial Summary Judgment relates to Plaintiff's: (1) § 1983 claim under the Fourteenth Amendment in Count I; (2) assault claim in Count III; (3) defamation claim in Count IV; and (4) intentional infliction of emotional distress claim in Count V.  This Court addresses each of these issues in turn.

#### A.  § 1983 Claim under the Fourteenth Amendment

Section 1983 of Title 42 of the United States Code ("Section 1983") "does not create any substantive rights, it merely provides a remedy for deprivations of rights established by the United States Constitution or the laws of the United States." Rance v. Jenn, No. 06-61002-CIV, 2008 WL 5156675, at *7 (S.D. Fla. Dec. 9, 2008) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  Once the specific constitutional right has been identified, "the court must then apply the standard applicable to that particular provision to determine whether a constitutional violation actually occurred." Kastritis v. City of Daytona Beach Shores, No. 6:09-CV-2105-ORL-35GJK, 2011 WL 4501111, at *4 (M.D. Fla. May 18, 2011). "Under the Fourth Amendment of the Constitution, which is applicable to the states through the Fourteenth Amendment, persons have a right to be free from arrest unless there is probable cause." Rance, 2008 WL 5156675, at *7. Therefore, a warrantless arrest without probable cause violates the Fourth Amendment and provides the basis for a Section 1983 claim. See e.g., Marx v. Gumbinner, 905 F.2d 1503, 1505 (11th Cir. 1990).

Here, Plaintiff does not have an actionable claim under the Fourteenth Amendment for the alleged violations in the complaint.  Plaintiff's claim is controlled by the Fourth Amendment since he is alleging that Defendant lacked probable cause to arrest him. See Jordan v. Mosley, 298 F. App'x 803, 805-06 (11th Cir. 2008) (stating that the "district court correctly determined

that [Plaintiff's] claims should be analyzed under the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment."); see also Albright v. Oliver, 510 U.S. 266 (1994). Plaintiff's Response does not dispute this argument but "respectfully requests leave to amend the operative complaint" if the Court concludes that the Fourteenth Amendment is inapplicable. Pl. Resp., at 7. Since there is no dispute as to a material fact regarding the inapplicability of the Fourteenth Amendment to Plaintiff's § 1983 claim, summary judgment is granted in favor of Defendant.

      B. Assault Claim

Under Florida law, an assault is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Reagan v. Mallory, 492 F. App'x 918, 919 (11th Cir. 2011) (quoting FLA. STAT. § 784.011).

Here, Defendant claims summary judgment is appropriate because Plaintiff was not in imminent fear until Defendant grabbed Plaintiff. Def. Mot., at 7-8. However, this argument is misconstrued because the opportunity for an assault does not dissipate once a person is physically touched. See Savino v. State, 447 So. 2d 411, 413 (Fla. Dist. Ct. App. 1984) ("The completed statutory assault offense does not "merge" in a related battery offense merely because factually the events are interrelated."); Sullivan v. Atl. Fed. Sav. & Loan Ass'n, 454 So. 2d 52, 54 (Fla. Dist. Ct. App. 1984) (stating that an assault can be premised on "a threat to use force, or the actual exertion of force."). Indeed, Plaintiff appeared to be in fear of an imminent injury after Defendant grabbed Plaintiff. Baker Dep, at 35, 43 ("I know he had my arm up so high he was about to break it, it hurt so – and I was pleading with him."). Therefore, since there is a

material dispute as to whether Plaintiff was in fear of imminent violence, summary judgment as to Plaintiff's assault claim is denied.

    C. Defamation

Under Florida law, "[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation." Stephens v. Geoghegan, 702 So. 2d 517, 522 (Fla. Dist. Ct. App. 1997). This privilege has been extended to police officers. Cassell v. India, 964 So. 2d 190, 194 (Fla. Dist. Ct. App. 2007). Therefore, officers have absolute immunity from suit for statements made within the scope of their duties. See Blair v. Martin County Sheriff's Dept., No. 92-14107-CIV, 1993 WL 757478, at *3 (S.D. Fla. Mar. 1, 1993).

Here, Plaintiff appears not to contest the above law, but claims that Defendant "acted wrongfully and outside the scope of his employment." Pl. Resp., at 6. However, Plaintiff fails to cite to any cases or factual record to support this proposition. It might be inferred that Plaintiff is arguing that Defendant was acting outside the scope of his duties because he lacked probable cause to arrest the Plaintiff. This argument should likewise be rejected because Plaintiff's defamation claim is based on statements that were made to fellow officers concerning Plaintiff's arrest and statements contained in Defendant's arrest report. Clearly, Defendant was acting within the scope of his duties as a law enforcement officer when he was explaining the basis of the arrest to fellow officers who responded to the scene and later in a report documenting the incident. See Cassel, 964 So. 2d 190 at 194 (citing Goetz v. Noble, 652 So. 2d 1203, 1205 (Fla. Dist. Ct. App. 1995) (stating that term and scope of a law enforcement officer's duties is to be liberally construed). Therefore, since there is no dispute as to a material fact, the Court grants summary judgment in favor of Defendant as to Plaintiff's defamation claim.

D. Intentional Infliction of Emotional Distress

For a claim of intentional infliction of emotional distress under Florida law, the plaintiff must prove: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." Hart v. United States, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985) (adopting definition in RESTATEMENT (SECOND) OF TORTS § 46 (1965))). The conduct must be "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." McCarson, 467 So. 2d at 278–79 (quoting RESTATEMENT (SECOND) OF TORTS § 46); see also Foreman v. City of Port St. Lucie, 294 F. App'x 554 (11th Cir. 2008) (an officer pointing an unloaded BB gun at a person and pulling the trigger not sufficiently outrageous). Indeed, "conduct which is independently tortuous, or even criminal" has been found not to cross this high threshold for outrageousness. Stamos v. Brown, No. 07-22193, 2010 WL 2985659, at *5 (S.D. Fla. July 28, 2010). The issue of whether the "conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law, not a question of fact." Spadaro v. City of Miramar, No. 11-61607-CIV, 2012 WL 668044, at *11 (S.D. Fla. Feb. 29, 2012) (citing Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 595 (Fla. Dist. Ct. App. 2007)). In regards to the severity of the emotional distress, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Frias v. Demings, No. 6:09-CV-2023-ORL-31KRS, 2011 WL 4903086, at *12 (M.D. Fla. Oct. 14, 2011) (citing RESTATEMENT (SECOND) OF TORTS § 46, cmt. j).

Here, Defendant's actions do not meet the high threshold for outrageous conduct necessary to sustain a claim of intentional infliction of emotional distress. This results because

Defendant is only accused of wrongfully arresting the Plaintiff, using excessive force, and using profanity. See Frias, 2011 WL 4903086, at *8 ("While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct."); Geidel v. City of Bradenton Beach, 56 F. Supp. 2d 1359 (M.D. Fla. 1999) (noting the "incredibly high standard" for claims of intentional infliction of emotional distress). In response to Defendant's motion, Plaintiff failed to challenge any of Defendant's arguments or raise additional facts to demonstrate outrageous conduct. Pl. Resp., at 7. Moreover, it does not appear that Plaintiff has suffered the requisite level of emotional distress. Plaintiff's only allegation of an injury is that he suffers from bad dreams which he has never sought any sort of treatment. Baker Dep., at 79, 82-83. Therefore, summary judgment as to Plaintiff's intentional infliction of emotional distress claim is granted in favor of Defendant because Plaintiff has not demonstrated the requisite outrageous conduct and severe emotional distress.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant David Lightsey's Motion for Partial Summary Judgment (ECF No. 37) is GRANTED IN PART AND DENIED IN PART.

The Plaintiff's claims relating to (1) § 1983 under the Fourteenth Amendment; (2) defamation; and (3) intentional infliction of emotional distress are DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of May, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record